JOSEPH FIBEL, ET AL. *v.* A. J. RICHINGS' ADMR., ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—312.]

**Title by Adverse Possession.**

Where one takes possession of real estate with the avowed purpose of perfecting the title by lapse of time, and although having no right he makes pretense of right and occupies the property adversely, building on and improving it, for eighteen or nineteen years, and at any time during that period his attitude was such as to authorize interested parties to bring a suit against him and recover the property, if brought within the statute of limitations, and they brought no such action, his title is good and the plea of limitations will be held good.

APPEAL FROM ALLEN CIRCUIT COURT.

October 11, 1883.

OPINION BY JUDGE HARGIS:

Drane's administrator brought suit against Alexander for balance of a note secured by mortgage on four town lots numbered 58, 59, 62 and 63, situated in Scottsville, seeking judgment for the debt and the foreclosure of the mortgage to secure its payment. Pending the litigation the appellants appeared and by petition set up claim to the lots as the heirs of Wills, Fibel having purchased the interests of his coappellants while Alexander was in possession of the lots. Alexander responded to their claim, pleading more than fifteen years adverse possession upon a claim of right, and that the purchases of Fibel where champertous. These allegations of Alexander were controverted by the appellants and upon the hearing the court dismissed their suit, from which they have appealed.

The only question presented by the record is whether Alexander's possession was adverse and under his own claim. He took possession with the avowed purpose of perfecting the title by lapse of time, and although he had no right, he made pretense of right, and occupied the lots adversely, building on and improving them, for eighteen or nineteen years. At any time during that period his attitude and occupancy were such as to authorize the appellants or their ancestor to have brought an action against him, and had they done so before limitation ran a recovery would have been the consequence. This

fact shows, according to *Moss v. Scott,* 2 Dana (Ky.) 271, that his possession was adverse, and it being for more than fifteen years before suit the plea of limitation must prevail.

The judgment is *affirmed.*

*J. J. Gatewood, for appellants.*